## STURDEVANT *v.* RILEY.

*(Supreme Court, General Term, Fifth Department.* December 30, 1889.)

GUARANTY—LIABILITY OF GUARANTOR—COSTS.

The guarantor of a note against whom the holder obtains a judgment cannot recover from the maker the costs of the action by the holder, as such costs were incurred by the non-performance of the guarantor's own contract.

Appeal from Steuben county court.

Action by Finney P. Sturdevant against Patrick Riley for money paid for the benefit of defendant. From a judgment of the county court of Steuben county defendant appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Eli Soule,* for appellant. *A. M. Burrell,* for respondent.

DWIGHT, J. The action was for money paid, laid out, and expended by the plaintiff for the benefit of the defendant. The facts were that the plaintiff had taken the defendant's note for a reaping-machine, which was to remain the property of the plaintiff till the note was paid. He had sold the note, with his interest in the machine, to one Hall, and guarantied its payment. Hall had sold the note, with his interest in the machine, to a bank, and signed the same contract of guaranty. The note not being paid at maturity, the bank sued the plaintiff and Hall on their guaranty, and recovered judgment for the amount of the note, with $23.74 costs. The defendant afterwards paid to the bank the amount of his note, with interest, but refused to pay the costs and the judgment against the plaintiff and Hall. The bank thereupon instituted proceedings supplementary to execution against the plaintiff and Hall to collect the balance of its judgment against them, and, when the expenses of such proceedings had amounted to about $35, took the joint note of the two defendants in the execution for $59.40, and discharged the judgment against them. That note was unpaid and not yet due when this action was commenced. The recovery in this action was for one-half of that note.

There are several reasons why that recovery cannot be sustained. The plaintiff was neither surety nor indorser for the defendant's accommodation. The guaranty was his own contract, and for his own benefit. He could not charge the defendant with the costs incurred by him by non-performance of his own contract; still less with the expenses of supplementary proceedings occasioned by his resistance of payment of the judgment recovered against him. Section 1916 of the Code of Civil Procedure does not give a right of action against the defendant, because the plaintiff was not surety for him; nor does it appear that the costs and expenses in question were incurred by the plaintiff necessarily, and in good faith. Moreover, the plaintiff has not yet paid any money on the judgment, nor is it certain that he will. He has given a note jointly with Hall for the costs of the action, and the expenses of supplementary proceedings against them. If Hall should be compelled to pay that note, he would have the right of action over for the whole amount against the defendant, if any such right of action existed in favor of anybody.

Some evidence was received, under objection of the defendant, to the effect that the latter promised the plaintiff orally, from time to time, to pay the note. But this promise did not affect the rights or the obligations of either party; it was only a repetition of the promise contained in the note itself, and did not authorize the plaintiff to make costs against the defendant by resisting the performance of his own obligation. The judgment of the county court and that of the justice should be reversed. All concur. So ordered, with costs.